FILED

JUN 17 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARTERIS S.A.S., | Case No: C 12-0434 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 47, 79 |
| SONICS, INC., | |
| Defendant. | |

Arteris S.A.S. ("Arteris") brings the instant patent infringement action against Sonics, Inc. ("Sonics") alleging claims for infringement of U.S. Patent Nos. 7,574,629 and 7,769,027 (collectively, the "Arteris Patents"). Dkt. 1. Sonics has alleged nine counterclaims against Arteris, including declaratory judgment counterclaims for non-infringement and invalidity as to the Arteris Patents as well as counterclaims for infringement of U.S. Patent Nos. 6,182,183, 7,266,786, 7,277,975, 6,961,834, 7,191,273, 6,816,814, and 7,299,155 (collectively, the "Sonics Patents"). Dkt. 24.

The parties are presently before the Court on Arteris' motion for voluntary dismissal of its patent claims without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, and for dismissal of Sonics' declaratory judgment counterclaims. Dkt. 79. Sonics opposes the motion. Dkt. 88. Also before the Court is Arteris' motion for partial stay with respect to all claims and defenses regarding the Sonics Patents. Dkt. 47. Sonics opposes the motion. Dkt. 50. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Arteris' motion for voluntary dismissal of its patent claims under Rule 41(a)(2) without prejudice, DENIES Arteris' motion to dismiss Sonics' declaratory judgment counterclaims, SEVERS Sonics'

declaratory judgment counterclaims into a separate action, CONSOLIDATES the instant action (i.e., Sonics' remaining counterclaims for infringement of the Sonics Patents) with the related action, Sonics, Inc. v. Arteris, Inc., C 11-05311-SBA ("Sonics action"), and DENIES as MOOT Arteris' motion for partial stay. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

On January 27, 2012, Arteris commenced the instant action against Sonics alleging that the SonicsGN ("SGN") product infringes the Arteris Patents. Compl., Dkt. 1. The case was subsequently reassigned to Judge Alsup on February 1, 2012. Dkt. 7. On March 2, 2012, Sonics filed an answer denying infringement and alleging two declaratory judgment counterclaims for non-infringement and invalidity. See Answer, Dkt. 17. On March 23, 2012, Sonics filed an amended answer, adding seven counterclaims for infringement of the Sonics Patents. Am. Answer, Dkt. 24.

On October 1, 2012, Arteris filed a motion to partially stay the instant action with respect to the Sonics Patents pending completion of the United States Patent and Trademark Office's ("PTO") reexamination of six of the seven Sonics Patents. See Dkt. 47. On November 6, 2012, Judge Alsup issued an Order holding Arteris' motion to stay in abeyance until November 29, 2012. Dkt. 61. On November 21, 2012, this Court issued an Order relating the instant action with the Sonics action. Dkt. 71. In the related Sonics action, Sonics accuses Arteris, Inc. of infringing the same seven patents it accuses Arteris of infringing in this action.[1] See Dkt. 24; Sonics action, Dkt. 1.

On January 18, 2013, Arteris filed a motion for voluntary dismissal of its patent claims without prejudice under Rule 41(a)(2) and for dismissal of Sonics' declaratory judgment counterclaims. Dkt. 79. On February 1, 2013, Sonics filed an opposition. Dkt.

---

[1] Both Arteris, Inc. and Arteris are wholly-owned subsidiaries of Arteris Holdings, Inc. See Sonics action, Dkt. 23.

88. A reply was filed on February 8, 2013. Dkt. 91. On that same day, this Court issued an Order staying the related <u>Sonics</u> action pending the PTO's reexamination of six of the seven Sonics Patents. See <u>Sonics, Inc. v. Arteris, Inc.</u>, 2013 WL 503091 (N.D. Cal. 2013).

## II. DISCUSSION

### A. Motion for Voluntary Dismissal

Rule 41(a)(2) provides that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41(a)(2).

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. . . ." <u>Kern Oil Refining Co. v. Tenneco Oil Co.</u>, 792 F.2d 1380, 1390 (9th Cir. 1986). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." <u>Stevedoring Servs. of Am. v. Armilla Intern. B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

In resolving a motion for voluntary dismissal under Rule 41(a)(2), the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. <u>Williams v. Peralta Community College Dist.</u>, 227 F.R.D. 538, 539 (N.D. Cal. 2005); <u>Fraley v. Facebook, Inc.</u>, 2012 WL 893152, at *2 (N.D. Cal. 2012). "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." <u>Smith v. Lenches</u>, 263 F.3d 972, 976 (9th Cir. 2001). However, the district court retains the discretion to dismiss an action with prejudice. See <u>Hargis v. Foster</u>, 312 F.3d 404, 407 (9th Cir. 2002).

### 1. Whether to Allow Dismissal

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

unless a defendant can show that it will suffer some plain legal prejudice as a result."
Smith, 263 F.3d at 975. "Legal prejudice" is defined as "prejudice to some legal interest,
some legal claim, some legal argument." Id. at 976 (quotation marks omitted). Uncertainty
because a dispute remains unresolved or because the threat of future litigation causes
uncertainty does not result in plain legal prejudice. Id. Also, plain legal prejudice does not
result because the defendant will be inconvenienced by having to defend in another forum
or where a plaintiff would gain a tactical advantage by that dismissal. Id.

Here, Sonics has not demonstrated that it will suffer some legal prejudice if Arteris'
patent claims are dismissed. Sonics has not shown that dismissal will result in prejudice to
some legal interest, some legal claim, or some legal argument. Indeed, Sonics does not
oppose dismissal of Arteris' claims, but instead argues that the claims should be dismissed
with prejudice. Accordingly, because Sonics' counterclaims can remain pending for
independent adjudication notwithstanding dismissal of the complaint, the Court finds that
dismissal is appropriate.

### 2. Whether Dismissal Should Be With or Without Prejudice

"Dismissal with prejudice may be appropriate where 'it would be inequitable or
prejudicial to defendant to allow plaintiff to refile the action.' " Williams, 227 F.R.D. at
539. In determining whether dismissal should be with or without prejudice courts may
consider the following factors: (1) the defendant's effort and expense in preparing for trial,
(2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the
action, and (3) insufficient explanation of the need to take a dismissal. See id.; Fraley,
2012 WL 893152, at *3.

The Court finds that Sonics has failed to demonstrate that dismissal with prejudice is
appropriate. With respect to Arteris' explanation for seeking dismissal, Arteris asserts that
it seeks to dismiss its patent claims because Sonics has failed to produce evidence of any
sales of the accused SGN product in the United States, and because Arteris is otherwise
unaware of any sales of the accused product in the United States. Pl.'s Mtn. at 2, 4; Shuler
Decl. ¶ 4. According to Arteris, "given the limited (or perhaps complete lack of any)

- 4 -

damages for [it] to potentially recover on its . . . patent infringement claims, it makes no economic sense for the parties to proceed with the litigation." Pl.'s Mtn. at 2.  In response, Sonics has failed to demonstrate that Arteris has offered an insufficient explanation for seeking dismissal such that dismissal with prejudice is warranted.  Sonics does not contend that it has produced evidence of sales of the SGN product in the United States.  Nor has Sonics submitted any evidence in connection with the instant motion demonstrating that the SGN product has been sold in the United States.  Instead, Sonics asserts that its "sales efforts in the U.S. are significant." Def.'s Opp. at 6.  Sonics further asserts that it is actively engaged in the sales process throughout the United States, and its SGN product is currently being evaluated by several U.S. companies. Id. at 3-4.[2]

With respect to "excessive delay and "lack of diligence," Sonics argues that Arteris should have moved to dismiss its claims in May 2012 after Sonics responded to interrogatories and requests for production of documents. Def.'s Opp. at 8-9.  However, Sonics has failed to show that its discovery responses included sales information regarding the accused SGN product in the United States.  In fact, Arteris has proffered evidence demonstrating that Sonics failed to provide a substantive response to its discovery request asking for information regarding the "sales volume, revenue, gross profits, net profits, profit margin, and costs (including costs of sales) for each month beginning January 27, 2006" for the accused product. See Corbett Decl., Exh. A (responses to interrogatories dated May 25, 2012).  Further, while Sonics argues that Arteris rushed to file suit without investigating the merits of its claims, Def.'s Opp. at 6, Sonics does not dispute Arteris' contention that Sonics publicly announced that it was selling the accused product in the United States.  Indeed, Sonics admits that it announced its SGN product in September 2011, and that it has "been actively engaged in marketing and sales efforts for the SGN

---

[2] According to Sonics, "[g]iven the highly configurable nature of [its] products, including SGN, the sales cycle from initial customer contact and evaluation to a final license can take anywhere from several months to years, depending on the nature of the customer's product and the number of different configurations that the customer wishes to build and test during evaluation."  McMillan Decl. ¶ 3.

product to customers both inside and outside the United States" since that time. McMillan Decl. ¶ 2.

With respect to Sonics' effort and expense in preparing for trial, Sonics argues that dismissal with prejudice is appropriate because this case has been pending for over a year and it has spent "hundreds of thousands of dollars" preparing for trial. Def.'s Opp. at 7-8. Sonics, however, has not cited any evidence substantiating its claim that it has incurred such costs. Nor is it apparent from the record that Sonics has incurred "hundreds of thousands of dollars" in litigating this action. A review of the record reveals that while the parties have submitted claims construction briefing,[3] there has not been significant progress in this case. Currently, there is no *Markman* hearing scheduled, no dispositive motions have been filed and no trial date is set. See Burnette v. Godshall, 828 F.Supp. 1439, 1444 (N.D. Cal. 1993) ("it weighs in Plaintiff's favor that the trial has not yet started and no pretrial motions were pending at the time the dismissal motion was filed."). Though discovery has commenced, it is still within the early stages and a discovery cut-off date has not yet been established. Indeed, Sonics does not dispute Arteris' contention that only three depositions have been taken, and that each deposition was noticed in the instant action as well as in the related Sonics action. Nor does Sonics dispute Arteris' contention that this deposition testimony can be used in the related Sonics action. Instead, Sonics generally asserts that it has provided detailed invalidity contentions, "served and responded to numerous discovery requests,"[4] including producing over 2,000 pages of code, retained experts, and traveled to Europe to depose one of the inventors of Plaintiff's Patents." Def.'s Opp. at 7-8.

Finally, to the extent Sonics argues that Arteris' claims should be dismissed with prejudice because Arteris' motion for voluntary dismissal is an attempt to avoid an adverse

---

[3] It is undisputed that of the six terms briefed for claim construction, only two of the terms concern the Arteris Patents. Pl.'s Mtn. at 6; Def.'s Opp. at 9.

[4] According to Arteris, Sonics has only responded to seven interrogatories and has only served ten interrogatories. Corbett Decl. ¶¶ 2-3.

ruling on its claims, Def.'s Opp. at 9, the Court rejects this argument. While Sonics admits that it has not filed a motion for summary judgment, it nonetheless asserts that it explained in its *Markman* papers that summary judgment on the Arteris Patents was appropriate and imminent. Id. Sonics offers no further explanation or analysis in support of this conclusory assertion. As such, Sonics has failed to demonstrate that dismissal with prejudice is appropriate. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

In sum, taking into account the lack of legal prejudice, the relatively early stage of the proceedings, and Arteris' reason for dismissing its claims, the Court concludes that dismissal of Arteris' patent claims without prejudice is appropriate. Sonics has failed to demonstrate that dismissal with prejudice is appropriate.

### 3.    Terms and Conditions of Dismissal

" 'Rule 41(a)(2) exists chiefly for the defendant's protection.' " Co-Investor, AG v. Fonjax, Inc., 2010 WL 1292767, at * 3 (N.D. Cal. 2010) (Armstrong, J.). To that end, the court can condition a dismissal upon the payment of "appropriate costs and attorney fees." Westland Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). The court's imposition of fees and costs is discretionary. Id. A defendant is only entitled to recover "attorneys' fees or costs for work which is not useful in continuing litigation between the parties." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993). As discussed below, because Sonics' counterclaims for non-infringement and invalidity as to the Arteris Patents remain pending before this Court, the Court makes no award of attorneys' fees and costs. Sonics has not identified any costs or attorneys' fees for work that cannot be used in the continuing litigation.

### B.    Motion to Dismiss Sonics' Declaratory Judgment Counterclaims

Arteris contends that Sonics' declaratory judgment counterclaims for non-infringement and invalidity should be dismissed on the ground that the Court lacks subject matter jurisdiction over these claims because there is no immediacy of a substantial

controversy between the parties.  See Pl.'s Mtn. at 6-7.  In addition, Arteris argues that, even assuming subject matter jurisdiction exists under the Declaratory Relief Act, the Court should exercise its discretion and dismiss Sonics' declaratory judgment counterclaims because adjudication of these counterclaims would ask the Court to provide an advisory opinion and would "require needless, costly litigation."  Id. at 7.

### 1.    Declaratory Judgment Jurisdiction

Article III of the United States Constitution restricts federal judicial power to the adjudication of "Cases" or "Controversies."  U.S. Const. art. III, § 2.  The Declaratory Judgment Act provides: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Subject matter jurisdiction in a declaratory judgment action thus depends on the existence of "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests."  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937); see also Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("[A] case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm.").

The party claiming declaratory judgment jurisdiction has the burden of establishing that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since.  See Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974).  "If . . . a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction" at that time.  Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993).  Further, "once that burden has been met courts are entitled to presume, absent further information, that jurisdiction continues."  Id. at 98.

Here, because Arteris' patent claims were pending at the time Sonics filed its non-infringement and invalidity counterclaims, a case or controversy existed when the counterclaims were filed.  Thus, the question is whether jurisdiction continues following the dismissal of Arteris' patent claims.  As the party asserting declaratory judgment jurisdiction, Sonics bears the burden of establishing the reality and immediacy of its exposure to liability.  In this regard, Sonics argues that the Court has subject matter jurisdiction over its counterclaims because it continues to make and offer to sell the accused SGN product in the United States, and Arteris has refused to offer Sonics a covenant not to sue.  Def.'s Opp. at 11-12; see McMillan Decl. ¶¶ 2-3, 5.  According to Sonics, it is actively engaged in marketing and sales efforts for the SGN product in the United States, and is currently in confidential evaluation studies with several companies regarding the issuance of licenses to use the SGN product.  See McMillan Decl. ¶¶ 2-3.

The Court finds that Sonics has shown that there is a substantial controversy between the parties of sufficient immediacy and reality to warrant a declaratory judgment on its counterclaims for non-infringement and invalidity.  Arteris' motion for voluntary dismissal without prejudice is not accompanied with a covenant not to sue for infringement of the Arteris Patents based upon Sonics making, using, offering for sale and/or selling the accused SGN product in the United States.[5]  Therefore, the dismissal of Arteris' patent claims does not divest the Court of jurisdiction over Sonics' counterclaims because Sonics is presently engaged in activity that places it at risk of a claim for infringement by Arteris. See 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent"); see Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 881 (Fed. Cir. 2008) (a party may obtain a declaratory judgment where it is engaged in present activity which could constitute infringement or has taken concrete steps with the intent to conduct such activity).

_____

[5] The complaint alleges that Sonics has infringed the Arteris Patents by "making, using, offering for sale and/or selling within the United States products, including . . . its SGN product . . ." Compl. ¶¶ 10, 16.

## 2.    District Court Discretion

District courts have discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction.  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995); see MedImmune, 549 U.S. at 136 ("The Declaratory Judgment Act provides that a court 'may declare the rights and other legal relations of any interested party,' not that it must do so.  This text has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.").  In exercising its discretion, "[t]he court must make a reasoned judgment whether the investment of time and resources will be worthwhile."  Serco Servs. Co., L.P. v. Kelley Co., Inc., 51 F.3d 1037, 1039 (Fed. Cir. 1995).

In deciding whether to entertain a declaratory judgment request, a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created.  Cat Tech, 528 F.3d at 883.  The Declaratory Judgment Act was intended "to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication."  Id. at 878-879.  Declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 342 (9th Cir. 1966).  The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim.  Id.; see Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2006 WL 1646110, at *1 (N.D. Cal. 2006) (Armstrong, J.) ("The Federal Circuit has explained that the purpose of declaratory judgment actions in patent cases is 'to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.' ") (citing Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 956 (Fed. Cir. 1987)); Arrowhead Indus.

Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735 (Fed. Cir. 1988) ("After the [Declaratory Judgment] Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.").

Here, the Court exercises its discretion to entertain the declaratory judgment counterclaims alleged by Sonics. The Court finds that resolving these counterclaims serves the objectives of the Declaratory Judgment Act. A declaratory judgment will provide Sonics relief from uncertainty and delay regarding its legal rights as to the Arteris Patents. Absent a declaratory judgment, Sonics will be in the position of pursuing arguably illegal behavior or abandoning that which it claims a right to do, i.e., manufacture and sell the SGN product. This is the type of " 'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.' " See Cat Tech, 528 F.3d at 883-884.

## C.   Severance and Consolidation of Sonics' Counterclaims

### 1.   Severance of Sonics' Non-Infringement and Invalidity Counterclaims

On motion or on its own, the court may at any time, on just terms . . . sever any claim against a party." Fed.R.Civ.P. 21. Severance refers to the process of dividing a case containing multiple claims into "separate actions" and it is governed by Rule 21. Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003); see Gaffney v. Riverboat Services of Indiana, Inc., 451 F.3d 424, 442 (7th Cir. 2006) (severance under Rule 21 creates two separate actions where previously there was one). When determining whether severance is appropriate under Rule 21, a court may consider the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the "separability of law and logic." See Gaston v. Gottesman, 2007 WL 1114014, at *3 (N.D. Cal. 2007).

Here, the Court concludes that there are two sets of distinct and separate counterclaims pending in this action. The first set includes Sonics' declaratory judgment counterclaims against Arteris for non-infringement and invalidity as to the Arteris Patents,

while the second set includes Sonics' seven counterclaims against Arteris for infringement of the Sonics Patents. The Court finds that the most efficient approach to resolving these claims is to sever Sonics' declaratory judgment counterclaims as to the Arteris Patents into a separate action and to consolidate the remaining patent infringement counterclaims as to the Sonics Patents into the related Sonics action. Severance of Sonics' non-infringement and invalidity declaratory judgment counterclaims will serve the ends of justice and further the prompt and efficient resolution of those claims as well as facilitate the orderly and efficient disposition of this litigation. Accordingly, Sonics' declaratory judgment counterclaims for non-infringement and invalidity of the Arteris Patents are hereby severed from this action.

2.    **Consolidation of Sonics' Patent Infringement Counterclaims**

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a)(2). District courts have broad discretion broad under this rule. See Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).

The only remaining claims in the instant action are Sonics' seven counterclaims against Arteris for infringement of the Sonics Patents. It is undisputed that Sonics has asserted that Arteris, Inc. has infringed the same seven patents in the related Sonics action. In its motion for voluntary dismissal, Arteris states that it "does not and will not object to consolidating the two related actions such that Sonics' patent infringement claims as they relate to the seven asserted Sonics' patents may proceed together against both Arteris, Inc. and Arteris. . . ." Pl.'s Mtn. at 8. While Sonics did not respond to Arteris' statement in its opposition, Sonics has previously stated that the seven patent infringement counterclaims alleged in the instant action "assert infringement of the same seven patents and accused products asserted in [the related Sonics action]." Sonics action, Dkt. 73. According to Sonics, "[t]he patents and claims asserted against the two Arteris entities are . . . identical."

Id.

The Court finds that consolidation of the remaining patent infringement counterclaims into the related <u>Sonics</u> action is appropriate. These claims share common questions of law and fact. Resolving the common questions in one consolidated case will serve the interests of judicial convenience and economy as well as conserve the resources of the parties. Both cases involve similar parties, the same accused products, the same technology, and allege infringement of the same seven patents. Allowing these cases to proceed on a parallel track would result in duplicative proceedings and filings and would be unduly burdensome on both the parties and the Court. In light of the substantial similarity of the two actions, the Court concludes that consolidation will not result in any undue delay, confusion, or prejudice. Accordingly, <u>Arteris S.A.S. v. Sonics, Inc.</u>, C 12-00434-SBA and the related <u>Sonics</u> action, i.e., <u>Sonics, Inc. v. Arteris, Inc.</u>, C 11-05311-SBA, are hereby consolidated for all purposes into one action.

**III.   CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Arteris' motion for voluntary dismissal of its patent claims without prejudice under Rule 41(a)(2) is GRANTED.

2.     Arteris' motion to dismiss Sonics' declaratory judgment counterclaims for non-infringement and invalidity as to the Arteris Patents is DENIED.

3.     Sonics' declaratory judgment counterclaims for non-infringement and invalidity as to the Arteris Patents are SEVERED. The Clerk of the Court shall assign a new case number for the severed claims. The new case shall be assigned to the undersigned and opened with this Order. The Clerk shall file the operative pleadings in the instant action in the new case, including: Docket 1 - Complaint for Patent Infringement; Docket 24 - Defendant Sonics, Inc's First Amended Answer to Arteris, S.A.S.'s Complaint for Patent Infringement and Counterclaims; and Docket 28 - Plaintiff and Counter-Defendant Arteris S.A.S.'s Answer to Defendant and Counterclaimant Sonics, Inc.'s Counterclaims. Sonics shall file a second amended answer and counterclaims within

fourteen (14) days from the date this Order is filed.  Absent leave of Court, the second amended answer and counterclaims shall only allege declaratory judgment counterclaims for non-infringement and invalidity as to the Arteris Patents.

A Case Management Conference in the new case is scheduled for **July 11, 2013 at 2:30 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement.  Arteris is responsible for filing the joint statement no less than seven (7) days prior to the conference date.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Arteris is responsible for setting up the conference call, and on the specified date and time, shall call (510) 637-3559 with all parties on the line.

4.      Arteris S.A.S. v. Sonics, Inc., C 12-00434-SBA and Sonics, Inc. v. Arteris, Inc., C 11-05311-SBA are hereby consolidated for all purposes into one action.  All future filings shall be filed under the caption and case number Sonics, Inc. v. Arteris, Inc., C 11-05311-SBA.  Sonics shall file a consolidated amended complaint within thirty (30) days from the date this Order is filed.  Because the related Sonics action is stayed pending reexamination of six of the seven Sonics Patents, Arteris and Arteris, Inc. shall file a response to the consolidated amended complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure within thirty (30) days from the date the stay is lifted.

5.      Arteris' motion for partial stay pending reexamination is DENIED as MOOT.

6.      The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 6/17/13

SAUNDRA BROWN ARMSTRONG
United States District Judge